✎ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet ▪nd the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

PATRICIA FORTLAGE

## DEFENDANTS

HELLER EHRMAN, LLP, a California partnership; and HELLER EHRMAN LONG-TERM DISABILITY PLAN.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Sonoma

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Geoffrey V. White
Law Office of Geoffrey V. White
351 California Street, Suite 1500
San Francisco, CA 94104 (415) 362-5658

Attorneys (If Known)

08-3406 MED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Damages and injunctive relief for denial of disability benefits under ERISA welfare plan, 29 U.S.C. Section 1132.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY    N/A

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE July 15, 2008

SIGNATURE OF ATTORNEY OF RECORD

1  **GEOFFREY V. WHITE (SBN. 068012)**
   **LAW OFFICE OF GEOFFREY V. WHITE**
2  351 California St., Suite 1500
   San Francisco, California 94104
3  Telephone: (415) 362-5658
   Facsimile: (415) 362-4115
4  Email: gvwhite@sprynet.com

5  Attorneys for Plaintiff

6

7

8                   UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10  **PATRICIA FORTLAGE,**                    Case No.
                                          )
11             Plaintiff,                  )   **COMPLAINT FOR INJUNCTIVE**
                                          )   **RELIEF AND DAMAGES FOR**
12     v.                                  )   **DISABILITY BENEFITS UNDER**
                                          )   **ERISA WELFARE PLAN**
13  **HELLER EHRMAN, LLP,** a California    )
    partnership; and **HELLER EHRMAN**     )
14  **LONG-TERM DISABILITY PLAN,**         )
                                          )
15             Defendants.                 )
                                          )
16                                         )
                                          )
17  _____)

18         Plaintiff, PATRICIA FORTLAGE, complains of Defendants, and each of them, and

19  alleges as follows:

20                              **JURISDICTION**

21         1.     This is an action by a participant in an employee welfare benefit plan against the

22  Plan and its named fiduciaries, for injunctive relief and damages to enforce her rights under the

23  Plan to receive long-term disability income benefits, because Unum Life Insurance Co. of

24  America ("Unum") has failed and refused to timely decide Plaintiff's appeal.  Jurisdiction is

25  conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B), and 502(a)(2) and (3)

26  of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and 1132(a)(2) and (3), and by

27  29 U.S.C. §1331(a) and 28 U.S.C. §2201.

28  ///////

_____
          **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**                    **1**

**VENUE**

2.     The Defendant Heller Ehrman Long-Term Disability Plan ("Plan") is administered within this District.  Defendant Heller Ehrman LLP ("Heller") has its principal place of business within this District, and Unum Life Insurance Co. of America ("Unum ") is doing business within this District.  Venue is thus proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**PLAINTIFF**

3.     Plaintiff Patricia Fortlage ("Fortlage") is a natural person, and a resident of Petaluma, California.  At all times material, she was an employee of Heller and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

**DEFENDANTS**

4.     Defendant Heller was and is a California law partnership, with its principal place of business in San Francisco, California.  At all material times, Heller was and is the employer maintaining Defendant Plan, and is therefore a Plan "administrator", "fiduciary" and "party in interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

5.     Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).  Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured through premiums paid to Unum pursuant to that certain Group Policy No. 579445-001.

6.     Unum is, on information and belief, the party allegedly designated by the Plan and the above Policy to make determinations of disability and benefit payments under the Plan.  Defendant Unum is allegedly a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

**FACTS**

7.     Plaintiff Patricia Fortlage was employed by Heller from approximately December, 2004 until approximately March 10, 2006, when she was required to leave work owing to her disability from Myasthenia Gravis and Neurocardiogenic Syncope.  Plaintiff Fortlage had a

1    sudden, severe onset of her condition on February 23, 2006 and was taken to the Emergency

2    Room. She attempted to return to work for 2 weeks, but was unable to do so. She was taken off

3    work by her physician, and has not worked since that time. Plaintiff Fortlage began receiving

4    Social Security disability benefits in November, 2007.

5        8.      In April, 2006, Plaintiff submitted her application for long-term disability benefits

6    to the Plan and its insurance carrier, Unum. Unum investigated Fortlage's claim for over one

7    year, paying benefits under a "reservation of rights" from June 12, 2006 through June 11, 2007.

8    By letter of August 22, 2007, Unum terminated benefits, contending in contradictory fashion that

9    Plaintiff's medical conditions were either pre-existing or not disabling. Plaintiff timely appealed,

10    and on April 15, 2008 and May 2, 2008 submitted extensive objective diagnostic, medical and

11    other evidence that she remained disabled and entitled to LTD benefits. To date, Unum has

12    failed and refused to respond to her appeal and continues to withhold her benefits.

13                                       **FIRST CLAIM**

[Claim for Disability Benefits]

14

15        9.      Plaintiff incorporates by reference and realleges the allegations contained in

16    Paragraphs 1 through 8 above.

17        10.      Defendants, and each of them, have failed to comply with their duties under

18    ERISA, the Policy, and applicable Plan documents to afford Plaintiff a timely, full and fair

19    review and determination of her claim for continued long-term disability benefits. Unum has

20    ignored Plaintiff's evidence supporting her continued disability. Unum's denial of benefits and

21    failure to respond to Plaintiff's appeal was biased and tainted by pecuniary conflict of interest,

22    since it would be required to pay the claim if granted. Accordingly, this Court may not defer to

23    Unum's decision, and exercises *de novo* review.

24        11.      By their failure and refusal to pay Plaintiff's long-term disability benefits,

25    Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to

26    such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

27    //////////

28    //////////

1

**SECOND CLAIM**
[Breach of Fiduciary Duty]

2

3    12.    Plaintiff incorporates by reference and realleges the allegations contained in

4    Paragraphs 1 through 11, above.

5    13.    As the alleged Plan fiduciary responsible for determining claims for benefits,

6    Unum was required, pursuant to Part 4 of Title I of ERISA, to discharge its duties with respect to

7    benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in

8    accordance with the specific fiduciary obligations imposed therein and under the Plan

9    documents.

10   14.    In its decision to terminate Plaintiff's LTD benefits, and its refusal to timely

11   respond to her appeal, Unum acted arbitrarily and capriciously, in willful disregard of the terms

12   of the Plan and Policy provisions, and the medical evidence submitted.  At all material times,

13   Unum acted herein only in its own financial interest in denying Plaintiff's claim.  Accordingly,

14   Unum has breached its fiduciary obligations under ERISA, the Plan and the subject Policy.

15   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as

16   follows:

17   1.    On the First Claim:  For an Order directing Defendants to pay to Plaintiff the

18   long-term disability benefits to which she is entitled under the terms of the Plan, together with

19   pre-judgment interest from the date such benefits should have been paid.

20   2.    On the Second Claim:  For an Order removing Defendant Unum as Plan fiduciary

21   and barring it from any further responsibility for claims determinations under the Plan.

22   3.    On all Claims:

23   a.    For costs of suit herein, including reasonable attorneys' fees; and

24   b.    For such other and further relief as the Court deems just and proper.

25   DATED: July 15, 2008                    LAW OFFICE OF GEOFFREY V. WHITE

26

27   By _____
                    Geoffrey V. White

28                  Attorneys for Plaintiff

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**                    4