**GEOFFREY V. WHITE (SBN. 068012)**
**LAW OFFICE OF GEOFFREY V. WHITE**
351 California St., Suite 1500
San Francisco, California 94104
Telephone: (415) 362-5658
Facsimile: (415) 362-4115
Email: gvwhite@sprynet.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FORTLAGE,<br><br>  Plaintiff,<br><br>  v.<br><br>HELLER EHRMAN, LLP, a California partnership; **HELLER EHRMAN LONG-TERM DISABILITY PLAN;** and **UNUM LIFE INSURANCE CO. OF AMERICA,** a Maine corporation,<br><br>  Defendants. | Case No. C 08-03406 MEJ<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR DISABILITY BENEFITS UNDER ERISA WELFARE PLAN** |

Plaintiff, PATRICIA FORTLAGE, complains of Defendants, and each of them, and alleges as follows:

### JURISDICTION

1. This is an action by a participant in an employee welfare benefit plan against the Plan and its named fiduciaries, for injunctive relief and damages to enforce her rights under the Plan to receive long-term disability income benefits, because Defendant Unum Life Insurance Co. of America ("Unum") has failed and refused to timely decide Plaintiff's appeal. Jurisdiction is conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B), and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and 1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

///////

---

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
Case No. C 08-03406 MEJ                                                                                              - 1 -

## VENUE

2. The Defendant Heller Ehrman Long-Term Disability Plan ("Plan") is administered within this District. Defendant Heller Ehrman LLP ("Heller") has its principal place of business within this District, and Defendant Unum Life Insurance Co. of America ("Unum ") is doing business within this District. Venue is thus proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PLAINTIFF

3. Plaintiff Patricia Fortlage ("Fortlage") is a natural person, and a resident of Petaluma, California. At all times material, she was an employee of Heller and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

## DEFENDANTS

4. Defendant Heller was and is a California law partnership, with its principal place of business in San Francisco, California. At all material times, Heller was and is the employer maintaining Defendant Plan, and is therefore a Plan "administrator", "fiduciary" and "party in interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

5. Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured through premiums paid to Defendant Unum pursuant to that certain Group Policy No. 579445-001.

6. Defendant Unum is, on information and belief, the party allegedly designated by the Plan and the above Policy to make determinations of disability and benefit payments under the Plan. Defendant Unum is allegedly a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of Sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

## FACTS

7. Plaintiff Patricia Fortlage was employed by Heller from approximately December, 2004 until approximately March 10, 2006, when she was required to leave work owing to her

disability from Myasthenia Gravis and Neurocardiogenic Syncope. Plaintiff Fortlage had a sudden, severe onset of her condition on February 23, 2006 and was taken to the Emergency Room. She attempted to return to work for 2 weeks, but was unable to do so. She was taken off work by her physician, and has not worked since that time. Plaintiff Fortlage began receiving Social Security disability benefits in November, 2007.

8. In April, 2006, Plaintiff submitted her application for long-term disability benefits to the Plan and its insurance carrier, Defendant Unum. Defendant Unum investigated Fortlage's claim for over one year, paying benefits under a "reservation of rights" from June 12, 2006 through June 11, 2007. By letter of August 22, 2007, Unum terminated benefits, contending in contradictory fashion that Plaintiff's medical conditions were either pre-existing or not disabling. Plaintiff timely appealed, and on April 15, 2008 and May 2, 2008 submitted extensive objective diagnostic, medical and other evidence that she remained disabled and entitled to LTD benefits. To date, Defendant Unum has failed and refused to respond to her appeal and continues to withhold her benefits.

**FIRST CLAIM**
[Claim for Disability Benefits]

9. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 8 above.

10. Defendants, and each of them, have failed to comply with their duties under ERISA, the Policy, and applicable Plan documents to afford Plaintiff a timely, full and fair review and determination of her claim for continued long-term disability benefits. Defendant Unum has ignored Plaintiff's evidence supporting her continued disability. Defendant Unum's denial of benefits and failure to respond to Plaintiff's appeal was biased and tainted by pecuniary conflict of interest, since it would be required to pay the claim if granted. Accordingly, this Court may not defer to Defendant Unum's decision, and exercises *de novo* review.

11. By their failure and refusal to pay Plaintiff's long-term disability benefits, Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

**SECOND CLAIM**
[Breach of Fiduciary Duty]

12. Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 11, above.

13. As the alleged Plan fiduciary responsible for determining claims for benefits, Defendant Unum was required, pursuant to Part 4 of Title I of ERISA, to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein and under the Plan documents.

14. In its decision to terminate Plaintiff's LTD benefits, and its refusal to timely respond to her appeal, Defendant Unum acted arbitrarily and capriciously, in willful disregard of the terms of the Plan and Policy provisions, and the medical evidence submitted. At all material times, Defendant Unum acted herein only in its own financial interest in denying Plaintiff's claim. Accordingly, Defendant Unum has breached its fiduciary obligations under ERISA, the Plan and the subject Policy.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. On the First Claim: For an Order directing Defendants to pay to Plaintiff the long-term disability benefits to which she is entitled under the terms of the Plan, together with pre-judgment interest from the date such benefits should have been paid.

2. On the Second Claim: For an Order removing Defendant Unum as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan.

3. On all Claims:
   a. For costs of suit herein, including reasonable attorneys' fees; and
   b. For such other and further relief as the Court deems just and proper.

DATED: July 29, 2008                LAW OFFICE OF GEOFFREY V. WHITE

By _____
Geoffrey V. White
Attorneys for Plaintiff